**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number *(if known)* _____    Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | Global Joint Venture, Inc. | |
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 13-3700498 | |

4. **Debtor's address**

**Principal place of business**

67-48 Harrow Street
Forest Hills, NY 11375
Number, Street, City, State & ZIP Code

Queens
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**
139-141 Bowery New York, NY 10002
Number, Street, City, State & ZIP Code

5. **Debtor's website (URL)** _____

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Global Joint Venture, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

**A. Check one:**
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

**B. Check all that apply**
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2a(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

5313

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

Check one:
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply:*
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | | | Relationship | |
|---|---|---|---|---|
| District | | When | Case number, if known | |

| Debtor | Global Joint Venture, Inc. | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

**11. Why is the case filed in this district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☒ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☒ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | Global Joint Venture, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    May 1, 2025
                MM / DD / YYYY

X /s/   Hung   Kwong Leung                              Hung   Kwong Leung
Signature of authorized representative of debtor        Printed name

Title    President

**18. Signature of attorney**

X /s/ Kevin Nash                                        Date   May 1, 2025
Signature of attorney for debtor                               MM / DD / YYYY

Kevin Nash
Printed name

Goldberg Weprin Finkel Goldstein LLP
Firm name

125 Park Ave
New York, NY 10017-5690
Number, Street, City, State & ZIP Code

Contact phone _____    Email address   knash@gwfglaw.com

1927656 NY
Bar number and State

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                    Chapter 11

Global Joint Venture, Inc.,                               Case No.

                            Debtor.
-------------------------------------------------------------x

## CORPORATE RESOLUTION

At a special meeting of the Board of Directors of Global Joint Venture, Inc. (the "Company") held on May 1, 2025, and upon the consent of the Board of Directors as noted herein; and after motion duly made and carried; and after consulting with Patrick Wu during the meeting who has also authorized the commencement of the Chapter 11 case by videoconference; it was:

> **RESOLVED**, that in view of the impending UCC foreclosure sale, the commencement of the Chapter 11 case is believed to be in the best interest of the Company and will permit the Company to maximize the value of its property; and it is further

> **RESOLVED**, that the Company is authorized to execute and file a bankruptcy petition under Chapter 11 of the United States Bankruptcy Code and to cause the prosecution thereof; and it is further

> **RESOLVED**, that the Company is authorized to retain the law firm of GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP, as bankruptcy counsel for the purpose of filing and prosecuting the Chapter 11 petition on its behalf.

Dated: New York, New York
       May 1, 2025

_____                    _____
Hung Kwong Leung                             Chung Fon Lew
Director                                     Director

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                      Chapter 11

Global Joint Venture, Inc.,                                         Case No.

                                    Debtor.
------------------------------------------------------------x

## DEBTOR'S DECLARATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

      Hung Kwong Leung declares the following under penalties of perjury pursuant to 28

U.S.C. § 1746:

      1.      I am the president and a shareholder of Global Joint Venture, Inc. (the "Debtor").

I submit this Declaration in accordance with Local Bankruptcy Rule 1007-4 in support of the

Debtor's filing of a voluntary petition under Chapter 11 of the Bankruptcy Code.

### Events Leading to the Chapter 11 Filing

      2.      The Debtor is the owner of a mixed use commercial condominium located at 139-

141 Bowery, New York, NY (the "Property"). In 2019, the Debtor refinanced the Property and

commenced a condominium conversion plan. The Debtor encountered delays in completing the

project due to the intervening Covid 19 pandemic and changing market conditions that made

construction more mostly than anticipated. The Debtor, however, persevered and completed the

project in 2024. The Debtor obtained the approval of the Attorney General to the offering plan

last fall. The certificate of occupancy was issued on October 18, 2024. As a result, the Debtor is

authorized to pursue the sale of all units, consisting of 18 residential apartment units, 14

commercial offices, one community center and one retail space on the street level. A copy of the

offering prices for each unit is attached hereto as Exhibit "A".

3.      The Property is subject to a first mortgage held by Emerald Creek Capital 3 LLC (the "Lender"), securing loans in the alleged principal amount of approximately $32,000,000 plus interest.  The Lender also holds a pledge of the 100% shares of the shareholders as guarantors.

4.      During the course of the project, the shareholders invested close to $6 million for interest reserves and extensions.

5.      The Property was appraised last year as having a value in excess of $50 million fully stabilized, and the Debtor believes that even in a bad market, the Property has an "as is" value of at least $35-$40 million.

6.      In bankruptcy, the Debtor intends to either refinance or sell the Property.  The Debtor has signed a contract of sale with a purchase price of $35 million, subject to due diligence and a $1 million deposit.  The Debtor and the Lender, through counsel, have been in active negotiations over the last several weeks regarding adjourning the UCC foreclosure sale.

7.      The Debtor has been unable to obtain a further extension beyond May 2, 2025, and thus the Debtor is filing this Chapter 11 case with the knowledge of the Lender.  The Debtor has agreed to retain BKREA as its real estate broker in the Chapter 11.  The Debtor will file an appropriate retention application promptly following the commencement of the Chapter 11 case.

### Assets and Capital Structure

8.      Pursuant to Local Rule 1007-4(a)(iv) and (v), no committees were formed prior to the filing of the Debtor's Chapter 11 Petition.

9.      Pursuant to Local Rule 1007-4(a)(vi), a list of all of the Debtor's creditors is attached hereto.

2

10. Pursuant to Local Rule 1007-4(a)(vii), the Lender is the Debtor's sole secured creditor.

11. Pursuant to Local Rule 1007-4(a)(viii), the Debtor's assets and liabilities will be set forth in the bankruptcy schedules and statements to be filed in the next two weeks.

12. Pursuant to Local Rule 1007-4(a)(ix), the stock interest in the Debtor is not publicly traded and is held as set forth in the List of Equity Holders filed herewith.

13. Pursuant to Local Rule 1007-4(a)(x), no property in the hands of a receiver or other fiduciary.

14. Pursuant to Local Rule 1007-4(a)(xii), the Debtor's books and records are located at my offices in Brooklyn, NY.

15. Pursuant to Local Rule 1007-4(a)(xiii), a list of all pending lawsuits is filed herewith.

16. Pursuant to Local Rule 1007-4(a)(xiv), I serve as the President of the Debtor without compensation.

17. Pursuant to Local Rule 1007-4(a)(xv), the Debtor has no current employees.

18. Pursuant to Local Rule 1007-4(a)(xvii), the Debtor does not anticipate any significant unordinary income or expenses in the next 90 days, except for the administrative costs of the Chapter 11 case and approximately $375,000 in real estate taxes which will become due on July 1, 2025.

Dated: New York, New York
       May 1, 2025

Global Joint Ventures, Inc.

By:  _____
     Name: Hung Kwong Leung
     Title:   President

3

# EXHIBIT A

OFFERING PRICES AND PROJECTED MONTHLY CHARGES
FOR THE FIRST YEAR OF OPERATION AT
139 BOWERY CONDOMINIUM
FOR THE FIRST YEAR OF CONDOMINIUM OPERATION COMMENCING JULY 1, 2024

| Unit | (1) Number of Bedrooms and Baths | (2) Approx. Square Footage | (3) Purchase Price | (4) Percentage of Common Elements | (5) Projected Monthly Common Charges | (6) 1st Year Projected R.E. Taxes | (6) 1st Year Proj. Monthly R.E. Taxes | (7) Total Monthly Carrying Charges |
|---|---|---|---|---|---|---|---|---|
| CA | Residential | 832.00 | $499,200.00 | 0.92% | 358.43 | $ 6,497.58 | $ 541.47 | 899.89 |
| CB | Retail | 523.00 | $313,800.00 | 0.58% | 151.45 | $ 5,656.98 | $ 471.41 | 622.86 |
| 1A/1MA | Retail | 4069.10 | $9,820,000.00 | 13.51% | 3534.71 | $ 132,039.02 | $ 11,003.25 | 14,537.96 |
| 2A | Office | 785.70 | $1,099,980 | 2.61% | 682.52 | $ 21,229.60 | $ 1,769.13 | 2,451.65 |
| 2B | Office | 879.80 | $1,231,720 | 2.92% | 764.25 | $ 23,772.18 | $ 1,981.02 | 2,745.26 |
| 2C | Office | 683.50 | $803,113 | 2.27% | 593.73 | $ 18,468.15 | $ 1,539.01 | 2,132.74 |
| CF | CF | 785.70 | | 2.61% | 682.52 | $ 21,229.60 | $ 1,769.13 | 2,451.65 |
| 3A | Office | 785.70 | $1,119,623 | 2.61% | 682.52 | $ 21,229.60 | $ 1,769.13 | 2,451.65 |
| 3B | Office | 879.80 | $1,253,715 | 2.92% | 764.25 | $ 23,772.18 | $ 1,981.02 | 2,745.26 |
| 3C | Office | 883.30 | $1,192,455 | 2.93% | 767.29 | $ 23,866.75 | $ 1,988.90 | 2,756.19 |
| 4A | Office | 785.70 | $1,158,908 | 2.61% | 682.52 | $ 21,229.60 | $ 1,769.13 | 2,451.65 |
| 4B | Office | 879.80 | $1,297,705 | 2.92% | 764.25 | $ 23,772.18 | $ 1,981.02 | 2,745.26 |
| 4C | Office | 883.30 | $1,214,538 | 2.93% | 767.29 | $ 23,866.75 | $ 1,988.90 | 2,756.19 |
| 5A | Office | 785.70 | $1,198,193 | 2.61% | 682.52 | $ 21,229.60 | $ 1,769.13 | 2,451.65 |
| 5B | Office | 879.80 | $1,341,695 | 2.92% | 764.25 | $ 23,772.18 | $ 1,981.02 | 2,745.26 |
| 5C | Office | 883.30 | $1,236,620 | 2.93% | 767.29 | $ 23,866.75 | $ 1,988.90 | 2,756.19 |
| 6A | Office | 785.70 | $1,237,478 | 2.61% | 682.52 | $ 21,229.60 | $ 1,769.13 | 2,451.65 |
| 6B | Office | 879.80 | $1,385,685 | 2.92% | 764.25 | $ 23,772.18 | $ 1,981.02 | 2,745.26 |
| 6C | Office | 883.30 | $1,258,703 | 2.93% | 767.29 | $ 23,866.75 | $ 1,988.90 | 2,756.19 |
| 7A | 2 Bed/2Bath | 796.00 | $1,650,000 | 2.64% | 1028.76 | $ 18,649.30 | $ 1,554.11 | 2,582.86 |
| 7B | 1 Bed/1Bath | 634.50 | $1,390,000 | 2.11% | 820.03 | $ 14,865.56 | $ 1,238.80 | 2,058.83 |

OFFERING PRICES AND PROJECTED MONTHLY CHARGES

FOR THE FIRST YEAR OF OPERATION AT

139 BOWERY CONDOMINIUM

FOR THE FIRST YEAR OF CONDOMINIUM OPERATION COMMENCING JULY 1, 2024

| Unit | (1) Number of Bedrooms and Baths | (2) Approx. Square Footage | (3) Purchase Price | (4) Percentage of Common Elements | (5) Projected Monthly Common Charges | (6) 1st Year Projected R.E. Taxes | (6) 1st Year Proj. Monthly R.E. Taxes | (7) Total Monthly Carrying Charges |
|---|---|---|---|---|---|---|---|---|
| 8A | 1 Bed/1Bath | 514.00 | $1,225,000 | 1.71% | 664.30 | $ 12,042.39 | $ 1,003.53 | $ 1,667.83 |
| 8B | 1 Bed/1Bath | 633.00* | $1,485,000 | 2.10% | 818.09 | $ 14,830.41 | $ 1,235.87 | $ 2,053.96 |
| 8C | 1 Bed/1Bath | 537.80 | $1,300,000 | 1.79% | 695.06 | $ 12,599.99 | $ 1,050.00 | $ 1,745.06 |
| 9A | 1 Bed/1Bath | 514.00 | $1,230,000 | 1.71% | 664.30 | $ 12,042.39 | $ 1,003.53 | $ 1,667.83 |
| 9B | 1 Bed/1Bath | 633.00 | $1,475,000 | 2.10% | 818.09 | $ 14,830.41 | $ 1,235.87 | $ 2,053.96 |
| 9C | 1 Bed/1Bath | 537.80 | $1,325,000 | 1.79% | 695.06 | $ 12,599.99 | $ 1,050.00 | $ 1,745.06 |
| 10A | 2 Bed/2Bath | 832.10 | $1,930,000 | 2.76% | 1075.41 | $ 19,495.08 | $ 1,624.59 | $ 2,700.00 |
| 10B | 2 Bed/2Bath | 864.50 | $1,930,000 | 2.87% | 1117.29 | $ 20,254.18 | $ 1,687.85 | $ 2,805.13 |
| 11A | 2 Bed/2Bath | 832.10 | $1,980,000 | 2.76% | 1075.41 | $ 19,495.08 | $ 1,624.59 | $ 2,700.00 |
| 11B | 2 Bed/2Bath | 809.50** | $1,860,000 | 2.69% | 1046.20 | $ 18,965.59 | $ 1,580.47 | $ 2,626.67 |
| 12A | 2 Bed/2Bath | 832.10 | $2,030,000 | 2.76% | 1075.41 | $ 19,495.08 | $ 1,624.59 | $ 2,700.00 |
| 12B | 2 Bed/2Bath | 809.50 | $1,910,000 | 2.69% | 1046.20 | $ 18,965.59 | $ 1,580.47 | $ 2,626.67 |
| 13A | 2 Bed/2Bath | 832.10 | $2,080,000 | 2.76% | 1075.41 | $ 19,495.08 | $ 1,624.59 | $ 2,700.00 |
| 13B | 2 Bed/2Bath | 809.50 | $1,960,000 | 2.69% | 1046.20 | $ 18,965.59 | $ 1,580.47 | $ 2,626.67 |
| 14A | 2 bed/2Bath | 832.10 | $2,100,000 | 2.76% | 1075.41 | $ 19,495.08 | $ 1,624.59 | $ 2,700.00 |
| 14B | 2 Bed/2Bath | 809.50 | $2,010,000 | 2.69% | 1046.20 | $ 18,965.59 | $ 1,580.47 | $ 2,626.67 |
| TOTAL | | 31031.40 | $59,533,131 | 100% | 3824.17 | $ 789,190.05 | $ 65,765.84 | $ 97,590.00 |

**Note: (2) is total habitable square footage**

*additional 73.6 Sq. Ft terrace

**additional 55 Sq. Ft terrace

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                    Chapter 11

Global Joint Venture, Inc.,                               Case No.

                                Debtor.
-----------------------------------------------------------------x

### RULE 7.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, Global Joint Venture, Inc.

certifies that it is a private non-governmental party, and has no corporate parent, affiliates

and/or subsidiaries which are publicly held.

Dated: New York, New York
       May 1, 2025

                                Global Joint Ventures, Inc.


                        By:     _____
                                Name: Hung Kwong Leung
                                Title:   President

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                    Chapter 11

Global Joint Venture, Inc.,                               Case No.

                              Debtor.
-------------------------------------------------------------x

## LIST OF LAWSUITS

None.  Emerald Creek Capital 3, LLC has commenced a UCC Article 9 foreclosure against the shareholders of the Debtor.


Dated: New York, New York
       May 1, 2025

                              Global Joint Ventures, Inc.


                    By:     _____
                              Name: Hung Kwong Leung
                              Title:   President

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):** Global Joint Venture, Inc.                    **CASE NO.:** _____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor *(or any other petitioner)* hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☒ NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.

☐ THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:

1.  CASE NO.:_____   JUDGE:_____   DISTRICT/DIVISION:_____

CASE STILL PENDING (Y/N):_____        *[If closed]* Date of closing:_____

CURRENT STATUS OF RELATED CASE: _____
                                    (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE:  _____

2.  CASE NO.:_____   JUDGE:_____   DISTRICT/DIVISION:_____

CASE STILL PENDING (Y/N):_____        *[If closed]* Date of closing:_____

CURRENT STATUS OF RELATED CASE: _____
                                    (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE:  _____

3.  CASE NO.:_____   JUDGE:_____   DISTRICT/DIVISION:_____

CASE STILL PENDING (Y/N):_____        *[If closed]* Date of closing:_____

(OVER)

DISCLOSURE OF RELATED CASES (cont'd)

CURRENT STATUS OF RELATED CASE: _____
                                     (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN
SCHEDULE "A" OF RELATED CASE: _____

*NOTE:* Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not
be eligible to be debtors.   Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N):   Y

CERTIFICATION (to be signed by pro se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except
as indicated elsewhere on this form.

/s/ Kevin Nash
Kevin Nash
Signature of Debtor's Attorney
Goldberg Weprin Finkel Goldstein LLP
125 Park Ave
New York, NY 10017-5690
  Fax:

_____
Signature of Pro Se Debtor/Petitioner

_____
Signature of Pro Se Joint Debtor/Petitioner

_____
Mailing Address of Debtor/Petitioner

_____
City, State, Zip Code

_____
Area Code and Telephone Number

Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any
other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the
dismissal of the case with prejudice.

<u>NOTE</u>: Any change in address must be reported to the Court immediately IN WRITING.   Dismissal of your petition may otherwise
result.

**United States Bankruptcy Court**
**Eastern District of New York, Brooklyn Division**

In re  Global Joint Venture, Inc.                                    Case No. _____
                                    Debtor(s)           Chapter    11

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) or attorney for the debtor(s) hereby verify that the attached matrix (list of creditors) is true and correct to the best of their knowledge.

Date:   May 1, 2025                           /s/  Hung  Kwong Leung
                                              Hung  Kwong Leung/President
                                              Signer/Title

Date:   May 1, 2025                           /s/ Kevin Nash
                                              Signature of Attorney
                                              Kevin Nash
                                              Goldberg Weprin Finkel Goldstein LLP
                                              125 Park Ave
                                              New York, NY 10017-5690
                                              Fax:

USBC-44                                                                    Rev. 9/17/98

ASM Security, Inc.
8003 Myrtle Avenue
Ridgewood, NY 11385


Consolidated Edison
4 Irving Pl Rm 1800
New York, NY 10003-3502


Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346


LZ Consultants Service Inc.
37-09 Main Street
Suite 3A
Flushing, NY 11354


Nest Wireless
41-15 Kissena Blvd
Flushing, NY 11355


New York City Water Board
5917 Junction Blvd Fl 8
Flushing, NY 11373-5188


NYC Department of Finance
Office of Legal Affairs
375 Pearl Street, 30th Floor
New York, NY 10038


NYC Dept of Law
Attn: Bernadette Brennan, Esq. 100 Churc
New York, NY 10007-2601


NYS Attorney General
28 Liberty St
New York, NY 10005-1400


NYS Department of Taxation
Bankruptcy/Special Procedure
PO Box 5300
Albany, NY 12205


Prime Alarms Inc.
3427 Cresent
Astoria, NY 11106


Zillow, Inc.
1301 Second Avenue
Floor 36
Seattle, WA 98101